UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GEORGE B. ALI, | ) | CASE NO. 1:08 CV 464 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF FLINT, MICHIGAN, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On February 25, 2008, pro se plaintiff George Ali filed this action under 42 U.S.C. § 1983 against the City of Flint, Michigan, the Flint Michigan Police Department, the Genesee County Sheriff's Department and Prosecutor Arthur A. Busch. In the complaint, he claims he was wrongfully arrested and was required to forfeit money given to him during a police sting operation. He seeks $ 125,000,000.00.

**Background**

Mr. Ali was arrested on March 3, 1998 in Flint, Michigan as part of a police sting operation. A police informant allegedly attempted to purchase narcotics from Mr. Ali for $18,000.00. At a certain point in the transaction, Flint police entered the room with their weapons drawn and ordered all present to "get down on the ground." (Compl. at 3.) Mr. Ali states that his

former spouse and their three young children were in the home at that time and were very upset by the situation. Mr. Ali's wife left him shortly after his arrest, relocated with their children to Texas, and filed for divorce. An indictment on charges of trafficking in narcotics was filed in April 1998. The matter went to trial some time thereafter and Mr. Ali was acquitted on July 11, 2000. He contends that the government has refused to return the $ 18,000.00 "entrapment or sting money" to him. He states that the officers "did literally take plaintiff's eighteen (18) thousand dollars at gun point while making claim that his money was purportedly their department's money used to make their case." (Compl. at 3.) Mr. Ali claims that when he was found not guilty of the charges, the jury determined that "the money was acquired by totally legal means through ans [sic] honest transaction." (Compl. at 4.) He contends that the money therefore should be considered to be his property. He states he wishes to pursue "what was legally mine." (Compl. at 4.) Mr. Ali seeks an award of $ 125,000,000.00 dollars.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Review of the complaint indicates the specific events and omissions of which plaintiff complains occurred in Michigan. Furthermore, all of the defendants appear to reside in Michigan. A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). As none of the defendants reside in the State of Ohio and the events giving rise to the claims in this action occurred in Michigan, this court is not the proper venue to assert these claims.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. For the reasons stated below, the court finds that it would not be in the interest of justice to transfer this matter, and this action is therefore dismissed.

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. See Wilson v. Garcia, 471 U.S. 261, 268-69 (1985). Three years is the relevant statute of limitations under Michigan law. See MICH. COMP. LAWS ANN. § 600.5805(8); Carroll v. Wilkerson, 782 F.2d 44 (6th Cir.1986). The face of the complaint plainly indicates that the events in question transpired in 1998, and concluded on July 11, 2000. All of the events occurred more than three years before this complaint was filed. Mr. Ali is barred from

3

pursuing his claims in federal court.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4